IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-566-F

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $118,000.00 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 33) by plaintiff United States of America ("plaintiff") to compel discovery from claimant Hameed Ali Mozeb ("claimant") and for an extension of the discovery deadline set in the Scheduling Order (D.E. 29). In support of its motion, plaintiff filed a memorandum (D.E. 34) and exhibits (D.E. 34-1 and -2). Claimant did not file a response to plaintiff's motion. Claimant recently filed his own motion (D.E. 43) to extend the discovery period and related deadlines. Both motions were referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, both motions will be allowed.

## BACKGROUND

Plaintiff commenced this forfeiture in rem action on 17 November 2008 (D.E. 1). Claimant filed a notice of claim of ownership (D.E. 14) on 6 February 2009. Plaintiff later obtained a stay of proceedings until 18 August 2010. (*See* D.E. 19, 22, 26).

Under the Scheduling Order (D.E. 29, amended at 32), discovery in this case was to close on 1 February 2011. On 19 November 2010, plaintiff served on claimant its first set of interrogatories (D.E. 34-1) and requests for production of documents (D.E. 34-2). Claimant did not serve any

responses to the discovery requests. (Pl.'s Mem. 1). Plaintiff's counsel conferred with claimant's counsel[1] without success in an effort to obtain the discovery responses without court intervention. (Pl.'s Mem. 3 n.1).

## DISCUSSION

### A. Applicable Legal Standards

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482,

---

[1] The court refers to claimant's counsel at the time the instant motion was filed. That attorney has now withdrawn his appearance with leave of court (*see* D.E. 42) and a different attorney has entered his appearance as claimant's counsel (*see* D.E. 40).

2

489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B).

### B. Analysis of Plaintiff's Request for Order to Compel

As indicated, plaintiff contends that claimant did not serve any responses to its discovery requests. Having failed to respond to plaintiff's motion, claimant does not dispute plaintiff's contentions. The court therefore finds that claimant has failed to comply with his discovery obligations as plaintiff contends.

Plaintiff seeks an order compelling production of all the information and documents sought in its discovery requests. The court has reviewed the requests and, while they are broad, finds them within the permissible scope of discovery. IT IS THEREFORE ORDERED that the portion of plaintiff's motion seeking a directive compelling claimant to respond to the aforementioned discovery requests is ALLOWED. Subject to valid claims of privilege, as discussed below, claimant shall serve on plaintiff by 23 May 2011 complete answers, made under oath, to plaintiff's first set of interrogatories and all the documents sought in plaintiff's first requests for production of documents. Failure by claimant to timely comply with this directive shall subject him to the imposition of sanctions, which may include dismissal of all his claims with prejudice. *See* Fed. R. Civ. P. 37(b)(2).

Because claimant did not respond to the aforementioned requests in a timely manner, any objections he may have had to their relevance or scope are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Despite claimant's lack of objection, the court will permit claimant to claim privilege (including work product protection) in his responses to the interrogatories and document production

3

Case 5:08-cv-00566-F   Document 45   Filed 05/03/11   Page 3 of 4

requests. To validly claim a privilege, claimant must expressly assert it in response to the particular discovery request involved and serve with his discovery responses a privilege log in conformance with Rule 26(b)(5)(A) that is duly signed by claimant's counsel pursuant to Rule 26(g). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.

C.   **Analysis of Parties' Requests for Extension of Discovery Deadline**

In light of claimant's failure to respond to plaintiff's discovery requests, extension of the discovery deadline is warranted. IT IS THEREFORE ORDERED that the portion of plaintiff's motion seeking an extension and claimant's motion for similar relief are ALLOWED. To determine the appropriate length of the extension, counsel for the parties shall confer and file by 16 May 2011 a proposed schedule for the remainder of this case. After receipt of the parties' proposal, the court will enter an Amended Scheduling Order.

## CONCLUSION

For the reasons and on the terms set out above, plaintiff's motion (D.E. 33) and claimant's motion for an extension (D.E. 43) to compel are ALLOWED on the terms set forth above. Plaintiff did not request expenses on its motion and the court therefore declines to award them. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

SO ORDERED, this 2nd day of May 2011.

James E. Gates
United States Magistrate Judge

4

Case 5:08-cv-00566-F   Document 45   Filed 05/03/11   Page 4 of 4